**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL WILLIAMS,**

         **Plaintiff,**

     v.                 **9:16-CV-1157
                           (FJS/TWD)**

**N. KORINES, Correctional Sergeant, Shawangunk
Correctional Facility; J. T. SMITH, Superintendent,
Shawangunk Correctional Facility. M. LIBERTY,
Commissioner's Hearing Officer; S. KOBER,
Offender Rehabilitation Coordinator (IRC),
Shawangunk Correctional Facility; L. PINGOTTI,
Deputy Superintendent for Security, Shawangunk
Correctional Facility; A. RODRIGUEZ, Acting
Director of Disciplinary Program; D. UHLER,
Superintendent, Upstate Correctional Facility;
and ANTHONY J. ANNUCCI, Acting
Commissioner,**

         **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **DANIEL WILLIAMS**<br>**03-A-5915**<br>Southport Correctional Facility<br>P.O. Box 2000<br>Pine City, New York 14871<br>Plaintiff *pro se* | |
| **OFFICE OF THE NEW YORK**<br>**STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **LYNN M. KNAPP BLAKE, AAG**<br>**ADRIENNE J. KERWIN, AAG** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Pending before the Court are Plaintiff's objections to Magistrate Judge Dancks' August 31, 2018 Order and Report-Recommendation. *See* Dkt. No. 58.

**II. BACKGROUND**

Plaintiff commenced this action, pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights when they punished him for possessing personal photographs depicting gang-related "hand gestures" in violation of DOCCS Disciplinary Rule 105.13. *See* Dkt. No. 16 ("Second Amended Complaint"). Plaintiff also alleged that Defendants Korines, Kober and Pingotti conspired to confiscate his photographs and subject him to improper discipline in violation of his constitutional rights. *See id.* at 10.

Defendants moved for summary judgment. *See* Dkt. No. 45. Plaintiff opposed that motion. *See* Dkt. No. 50. On August 31, 2018, Magistrate Judge Dancks issued an Order and Report-Recommendation, in which she recommended that this Court grant Defendants' motion for summary judgment, *sua sponte* dismiss Plaintiff's § 1983 conspiracy claim, and dismiss Plaintiff's Second Amended Complaint in its entirety. *See* Dkt. No. 57 at 39.

Plaintiff filed objections to those recommendations. *See generally* Dkt. No. 58. Generally, "Plaintiff object[ed] to the entire Report-Recommendation, in that the Court (Hon. Judge Dancks) clearly disregarded [his] contentions, in his memorandum of law in opposition to Defendants['] motion for summary judgment, along with various exhibits in support." *See id.* at ¶ 2. Furthermore, he objected to "the court[']s notion that [he] was afforded his minimal due process rights, to have a

fair and impartial hearing and hearing officer; adequate/fair notice of prohibited conduct; untainted documentary evidence; right to be present at hearing; unbiased witness testimony; [and] right not to be punished for unconstitutionally vague and erratically enforced prison rule." *See id.* at ¶ 3.

In addition to these general objections, Plaintiff made the following specific objections:

> (1) the Court's disregard of the precise wording of Prison Rule 105.13, in particular that part of Rule 105.13 that states as follows: "For purposes of this Rule, printed or handwritten gang or gang related material is written material that, if observed in the inmate's possession, could result in an inference being drawn about the inmate's gang affiliation, but excludes published material that the inmate has obtained through the facility library or that has been approved for the inmate to possess through the media review process." *See id.* at ¶ 4 (quoting Dkt. No. 16 Exhibit "B": page 27).
>
> (2) the Court's failure to "recognize that [he] was approved to possess his pictures through the media review process, he did not smuggle in his pictures . . . NYS D.O.C.C.S. are governed by the same rules and regulations, so "pictures" that were apparently approved for [him] to possess, per NYS DOCCS own regulations at other facilities do not change because of correctional personnel[']s personal prejudices and unsubstantiated conjectures, utilizing the disciplinary system illegitimately to fraudulently punish [him.]. Arbitrary Ad Hocism is proscribed." *See id.* at ¶ 5.
>
> (3) the Court's failure to "investigate what was the reason why the superintendent's hearing was reversed and expunged on August 1, 2019, prior to the Court[']s (Hon. Judge Dancks) Report-Recommendation." *See id.* at ¶¶ 6-7 and Exhibit 7 attached thereto.
>
> (4) the Court's *sua sponte* dismissal of [his] conspiracy claim against Defendants Kober, Pingotti and Korines, who blatantly committed fraud, by confiscating and punishing [him]." *See id.* at ¶ 8 (citing Dkt. No. 16 at paragraphs 35-40 [and] paragraph 60).

## III. DISCUSSION

**A.     Standard of review**

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

**B.     Plaintiff's claims against Defendants Annucci, Rodriguez, Smith and Uhler**

Plaintiff asserts claims against Defendants Annucci, Rodriguez, Smith and Uhler based on their apparent supervisory positions, awareness of ongoing constitutional violations, and failure to prevent those violations from continuing. *See* Second Amended Complaint at ¶¶ 32-33, 80-84. Magistrate Judge Dancks found that the record demonstrated that these Defendants were not personally involved in any alleged violation of Plaintiff's constitutional rights and, therefore, recommended that the Court grant Defendants' motion for summary judgment with regard to Plaintiff's claims against these Defendants. *See* Dkt. No. 57 at 37-38.

Other than his general objection to the entire Report and Recommendation, Plaintiff has not

raised any specific objection to this recommendation. Therefore, after reviewing the record relevant to this recommendation for clear error and, finding none, the Court accepts Magistrate Judge Dancks' recommendation and grants Defendants' motion for summary judgment with regard to Plaintiff's claims against Defendants Annucci, Rodriguez, Smith and Uhler because they were not personally involved in the alleged violation of Plaintiff's constitutional rights.

**C.      Plaintiff's Fourteenth Amendment Due Process Claim**

Magistrate Judge Dancks thoroughly analyzed the elements required to satisfy procedural due process where an inmate is facing disciplinary charges. *See* Dkt. No. 57 at 20-31. Plaintiff generally "objects to the court[']s notion that [he] was afforded his minimal due process rights[.]" *See* Dkt. No. 58 at ¶ 3. In addition, Plaintiff objects to the Court's disregard of

> the precise wording of the Prison Rule 105.13 (at Dkt. No. 16 Exhibit "B": page 27) Guidance "<u>Note</u>", that specifically states in part: "<u>For purposes of this Rule, printed or handwritten gang or gang related material is written material that, if observed in the inmate's possession, could result in an inference being drawn about the inmate's gang affiliation, but excludes published material that the inmate has obtained through the facility library or that has been approved for the inmate to possess through the media review process</u>".

*See* Dkt. No. 58 at ¶ 4.

This objection relates to the vagueness argument that Plaintiff asserted in his memorandum of law in opposition to Defendants' motion for summary judgment. *See* Dkt. No. 50-3 at 3-7.

Plaintiff's objection is without merit. Magistrate Judge Dancks did **not** disregard the specific language of Rule 105.13. Rather, she cited both the Rule and the Note to the Rule. *See* Dkt. No. 57 at 2. The Rule provides that "[a]n inmate shall not engage in or encourage others to

engage in gang activities, or meetings, or **display**, wear, **possess**, distribute or use **gang insignia** o[r] materials including, but not limited to, printed or handwritten gang or gang related materials." *See* Dkt. No. 57 at 2 (quoting [Second Amended Complaint] at 27 [Exhibit "B"]) (emphasis added).

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Courts in this Circuit have recognized due process vagueness challenges to prison disciplinary rules and directives. *See Chatin v. Coombe*, 186 F.3d 82, 88-89 (2d Cir. 1999); *Leitzsey v. Coombe*, 998 F. Supp. 282, 289 (W.D.N.Y. 1998) (holding that "inmates must be free to avoid prohibited conduct, and prison regulations must therefore place them on notice of the actions that could subject them to discipline" (citation omitted)).

> A disciplinary rule "is unconstitutionally vague if persons of common intelligence must necessarily guess at its meaning and differ as to its application, or if it fails to give a person of ordinary intelligence fair notice of conduct proscribed or required by the regulation and encourages arbitrary and erratic behavior on the part of the officials charged with enforcing the rule."

*Booker v. Maly*, No. 9:12-CV-246, 2014 WL 1289579, *7 (N.D.N.Y. Mar. 31, 2014) (quotation omitted).

In this case, Plaintiff focuses on the Note to Rule 105.13, which, among other things, defines "printed or handwritten gang or gang related material" as "written material." However, the Rule encompasses much more than "written material" as demonstrated by the use of the phrase "which includes but is not limited to." Specifically, in addition to certain "written material," the Rule also proscribes the displaying, wearing, possessing, distributing or using of gang insignia or materials, **which includes but is not limited to** "printed or handwritten gang or gang related material." It would be obvious to a person of average intelligence that the inclusion of the phrase "is not limited

to printed or handwritten gang or gang related material" indicates that the Rule proscribes conduct involving items other than "written material." In addition, a person of average intelligence would understand that the term "materials" also includes photographs, among other things, as long as those items are "gang or gang related." Photographs of hand gestures that gang members use to identify their membership in a gang could reasonably be considered to be "gang or gang-related" materials and, thus, possession of such photographs would be a violation of Rule 105.13. *See Booker*, 2014 WL 1289579, at \*12-\*13 (finding that "[i]t is quite clear, according to [Rule 105.13] that a gang sign is something that another inmate would recognize as creating an inference of a particular gang affiliation" and, therefore, concluding that possession of photographs depicting such gestures violated Rule 105.13 and that Rule 105.13 was not unconstitutionally vague).

For all these reasons, the Court concludes, as did the court in *Booker,* that Rule 105.13 is not unconstitutionally vague.

Plaintiff also objects to Magistrate Judge Dancks' alleged failure to recognize that he "was approved to possess his pictures through the media review process." *See* Dkt. No. 58 at 2. Plaintiff is apparently arguing that, because he was allowed to possess these photographs at other facilities, Defendants should have allowed him to possess them at all DOCCS facilities. The Court agrees with the court in *Booker* that "[t]he fact that the plaintiff may have been able to possess those pictures at other facilities does not undermine the defendants' desire to regulate gang-related material at their facility." *Booker*, 2014 WL 1289579, at \*13 (citation omitted).

Finally, Plaintiff objects to Magistrate Judge Dancks' alleged failure "to investigate . . . the reason why the Superintendent's hearing was reversed and expunged on August 1, 2018." *See* Dkt. No. 58 at ¶ 6. Magistrate Judge Dancks "granted Plaintiff's August 7, 2018, letter request seeking

to attach the August 1, 2018, determination as an addendum to [his] opposition response." *See* Dkt. No. 57 at 16 n.6 (citing Dkt. Nos. 55, 56). She also specifically cited that determination, which stated that

> "ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO
> A LETTER OF RECONSIDERATION, PLEASE BE ADVISED
> THAT YOUR SUPERINTENDENT'S HEARING OF MAY 9, 2016,
> HAS BEEN REVIEWED AND ADMINISTRATIVELY
> REVERSED ON AUGUST 1, 2018."

*See* Dkt. No. 57 at 16 (quoting Dkt. No. 50-8).

Magistrate Judge Dancks also noted that the decision was stamped "'EXPUNGED.'" *See id.* (quoting [Dkt. No. 50-8] at 2).

Plaintiff attached to his objections a "Memorandum" dated August 1, 2018, and addressed to "Superintendent Paul T Piccolo[,] Southport Correctional Facility" from "Donald Venettozzi, Director Special Housing/Inmate Discipline." *See* Dkt. No. 58 at 6. The Memorandum states, in pertinent part, as follows:

> THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS
> BEEN REVERSED ON AUGUST 1, 2018, FOR THE FOLLOWING
> REASON(S):
>
> > CIRCUMSTANCES SURROUNDING THE
> > INCIDENT RAISE QUESTIONS TO INMATE'S
> > CULPABILITY.

*See id.*

Not only was Magistrate Judge Dancks not required to investigate the reason that the Superintendent's Hearing was reversed, it would have been improper for her to do so. The Court's review is restricted to the evidence that is in the record. Neither Plaintiff nor Defendants had submitted this Memorandum to the Court for its review prior to Magistrate Judge Dancks' issuance

of her Order and Report-Recommendations. In fact, the Court did not know about the existence of this Memorandum until Plaintiff attached it to his objections to Magistrate Judge Dancks' recommendations.

Furthermore, even if Magistrate Judge Dancks had had this Memorandum before her, it would not have changed the result. As Magistrate Judge Dancks explained in her Order and Report-Recommendation, "although [the decisions from both hearings] were ultimately administratively reversed and expunged, upon review of the evidence, the Court finds 'some evidence' to support Pingotti's and Liberty's guilty determinations." *See* Dkt. No. 57 at 27-28 (citing *Sira*, 380 F.3d at 76 n.9 (noting the director's reversal of the disciplinary ruling does not automatically establish a federal claim") (quoting *Foster v. Coughlin*, 76 N.Y.2d 964, 966 (1990)); *Alicea*, 387 F. Supp. 2d at 232-33 (same); *Moore v. Griffin*, No. 9:13-CV-616 (FJS/TWD), 2015 WL 5330366, at \*12 (N.D.N.Y. Sept. 11, 2015) ("While the guilty determination was later reversed, there was "some evidence" to support [the hearing officer's] decision that [the plaintiff] was guilty of the charges set forth in the misbehavior report."); *Shabazz v. Bezio*, No. 9:10-CV-1212 (NAM/DEP), 2014 WL 4794432, at \*2 (N.D.N.Y. Sept. 25, 2014) (finding "some evidence" to support the hearing officer's guilty determination that was later reversed on appeal)). The explanation in the Memorandum that the decision was reversed because "circumstances surrounding the incident raise questions to inmate's culpability" does not change the fact that the record clearly demonstrates that there was "some evidence" to support the hearing officers' decisions that Plaintiff was guilty of violating Rule 105.13.

In sum, for all of the above-stated reasons, the Court concludes that Defendants did not violate Plaintiff's right to due process.

**D.  Plaintiff's § 1983 conspiracy claim against Defendants Kober, Pingotti and Korines**

Magistrate Judge Dancks recommended that this Court *sua sponte* dismiss Plaintiff's § 1983 conspiracy claim against Defendants Kober, Pingotti and Korines for failure to state a claim upon which relief could be granted on the ground that, if the Court accepted her recommendation and granted Defendants' motion for summary judgment with regard to the underlying causes of action, Plaintiff's § 1983 conspiracy claim would also fail as a matter of law.  *See* Dkt. No. 57 at 39 (citing *Bristol v. Nassau Cty.*, No. 08 Civ. 3480 (AMD) (SIL), 2016 WL 2760339, at *7 (E.D.N.Y. May 12, 2016) ("Because, the plaintiff's claim that the individuals [sic] defendants violated his constitutional rights is dismissed as a matter of aw, his section 1983 conspiracy claim also fails as a matter of law.") (citing *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."))).

Plaintiff objects to Magistrate Judge Dancks' recommendation that this Court *sua sponte* dismiss his conspiracy claim against Defendants Kober, Pingotti and Korines because, according to Plaintiff, they "blatantly committed fraud, by confiscating and punishing [him]."  *See* Dkt. No. 58 at ¶ 8 (citing Dkt. No. 16 at paragraphs 35-40 [and] paragraph 60).  The Court has reviewed Plaintiff's Second Amended Complaint, particularly paragraphs 35-40 and 60, on which Plaintiff relies to support his objections.  Although Plaintiff alleges that each of these Defendants violated his constitutional rights by engaging in certain actions, the Court concludes that these allegations are not sufficient to state a claim that Defendants Kober, Pingotti and Korines conspired against him. Moreover, because the Court has concluded that Defendants did not violate Plaintiff's constitutional

rights, his § 1983 conspiracy claim fails as a matter of law.[1]

### IV. CONCLUSION

Having reviewed the entire record in this case, including Magistrate Judge Dancks' August 31, 2018 Order and Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' August 31, 2018 Order and Report-Recommendation, *see* Dkt. No. 57, is **ACCEPTED in its entirety** for the reasons stated therein and in this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendants' motion for summary judgment, *see* Dkt. No. 45, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff and close this case; and the Court further

---

[1] Alternatively, the Court notes that the intracorporate conspiracy doctrine applies to thsi case. *See, e.g., Mitchell v. Chappius*, No. 6:17-CV-06673(MAT), 2018 WL 4095108, *9 (W.D.N.Y. Aug. 27, 2018) (noting that "district courts in this Circuit consistently have found that conspiracy claims 'to retaliate or discriminate against an inmate, motivated by personal bias alone cannot overcome the intracorporate conspiracy doctrine when asserted against employees of a single entity'" (quoting *Poroski v. Lacy*, No. 9:14-CV-97 (BKS/CFH), 2016 WL 908899, at *7 (N.D.N.Y. Feb. 8, 2016) (citation omitted), *R&R adopted*, No. 914CV0097BKSCFH, 2016 WL 913254 (N.D.N.Y. Mar. 9, 2016)); *Richard v. LeClaire*, 9:15-CV-00006, 2017 WL 9511181, *17 (N.D.N.Y. July 10, 2017), *report and recommendation adopted*, No. 9:15-CV-00006, 2017 WL 4349381 (N.D.N.Y. Sept. 29, 2017); *Toliver v. Fischer*, No. 9:12-CV-00077, 2015 WL 403133, *22 (N.D.N.Y. Jan. 29, 2015) (dismissal of inmate's conspiracy claim against DOCCS personnel under the intracorporate conspiracy doctrine); *Vega v. Artus*, 610 F. Supp. 2d 185, 205-06 (N.D.N.Y. 2009) (dismissing conspiracy claim pursuant to intracorporate conspiracy doctrine where all of the defendants were DOCCS employees acting within the scope of their employment).

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 21, 2018
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge